UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**JENNIFER MAE KEEN,**

    **Plaintiff,**

v.                                                          **Case No: 5:14-cv-601-Oc-PRL**

**COMMISSIONER OF SOCIAL
SECURITY**

    **Defendant.**

## ORDER

Plaintiff appeals the administrative decision denying her application for Disability Insurance Benefits ("DIB"). Upon a review of the record (Doc. 13), the memoranda (Doc. 17, 18), and the applicable law, I recommend that the Commissioner's decision be **REVERSED and REMANDED** under sentence four of 42 U.S.C. § 405(g).

### I. BACKGROUND

On December 12, 2011, Plaintiff Jennifer Mae Keen, filed an application for DIB, alleging a disability onset date of August 2, 2011. (Tr. 174). The Social Security Administration ("SSA") denied her application initially and upon reconsideration. (Tr. 90–94, 96–100). Plaintiff requested a hearing before an Administrative Law Judge and on February 20, 2013, Administrative Law Judge Edgardo Rodriguez-Quilichini (the "ALJ") held a hearing. (Tr. 40–65). Two months later, the ALJ issued an unfavorable decision. (Tr. 26–35).

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since August 2, 2011, which is the alleged onset date. (Tr. 28). At step two, the ALJ determined

- 2 -

that Plaintiff had the following severe impairments: paranoid schizophrenia, anxiety-related disorder, asthmatic bronchitis, and low back sprain. (Tr. 28).

At step three, the ALJ found that Plaintiff did not have an impairment or a combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 28–30). Next, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to

> sit, stand, walk, push and pull without limitation. This person should limit stooping, kneeling, crouching, crawling, and climbing stairs and ladders to occasionally. She must avoid moderate exposure to extreme heat, cold, wetness, humidity, and irritants such as fumes, odors, dust and gases. Her work would be limited to simple, routine, and repetitive tasks, in a work environment free of fast-paced production requirements. This person should have no interaction with the general public unless it is merely superficial, and only occasional interaction with co-workers.

(Tr. 30). At step four, the ALJ determined, upon the testimony of a Vocational Expert, that Plaintiff was able to perform her past relevant work as telephone solicitor as it is actually and generally performed. (Tr. 35).

On September 22, 2014, the Appeals Council denied Plaintiff's Request for Review, making the hearing decision the final decision of the Commissioner. (Tr. 1–6). With her administrative remedies exhausted, Plaintiff timely filed the instant appeal. (Doc. 1)

## II.    STANDARD OF REVIEW

A claimant is entitled to disability benefits when he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment, which can be expected to either result in death or last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i)(1), 423(d)(1)(A); 20 C.F.R. § 404.1505(a).

The Commissioner has established a five-step sequential analysis for evaluating a claim of disability, which is by now well-known and otherwise set forth in the ALJ's decision. *See* 20

CFR §§ 404.1520(a), 416.920(a); *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The claimant, of course, bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987).

The scope of this Court's review is limited to a determination of whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988) (citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)). Indeed, the Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla—i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (*citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson*, 402 U.S. at 401); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards*, 937 F.2d at 584 n.3; *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). This is clearly a deferential standard.

Nevertheless, "[t]he Secretary's failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

**III.	DISCUSSION**

Plaintiff argues on appeal that the ALJ improperly evaluated the medical evidence by failing to explain the weight assigned to the opinion of her treating physician Dr. Henryk Tadeusz Malczak, M.D.  (Pl.'s Br. at pp. 11–13).  Because I find that remand is required on this issue, it is unnecessary to review Plaintiff's other objections to the ALJ's decision.  *Freese v. Astrue*, No.8:06-cv-1839-T-EAJ, 2008 WL 1777722, at *3 (April 18, 2008 M.D. Fla) (citing *Jackson v. Bowen*, 801 F.2d 1291, 1294 n.2 (11th Cir. 1991)).

By now the law is clear that "the ALJ must state with particularity the weight given to different medical opinions and the reasons therefor."  *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011).  Further, the ALJ must accord substantial or considerable weight to a treating physician's medical opinion and medical evidence unless there is good cause not to do so.  *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004).

In this case, Dr. Malczak treated Plaintiff for her knee and back pain.  On November 9, 2012, the doctor assigned work restrictions that Plaintiff could not push, pull, of lift more than five pounds due to her right knee internal derangement.[1]  (Tr. 325).  The doctor also: (1) assessed Plaintiff with right knee internal derangement and knee pain (Tr. 320, 324, 330), (2) found that her range of motion in her right knee was restricted (Tr. 319, 324, 329), (3) ordered an initial magnetic resonance image ("MRI") of her right knee and a follow-up MRI (Tr. 325, 330),[2] and (4) referred her to physical therapy for her right knee (Tr. 330).  Additionally, according to Plaintiff's

---

[1] These restrictions are included in Dr. Malczak's signed medical evaluation notes.   (Tr. 325).
[2] On October 26, 2012 Dr. Malczak ordered an initial MRI of Plaintiff's right knee and a MRI performed the next day showed abnormal bone marrow signal in the proximal diametapheseal region of the posterior lateral aspect of the scanned upper tibia, along with cortical sclerosis, subcortical erosion, and marrow edema at the tibial plateau posteromedially.  (Tr. 325, 335–36).  Dr. Adel Abdalla, who read the MRI, recommended a follow-up MRI and Dr. Malczak ordered a subsequent MRI.  (Tr. 325, 335–36).

testimony, her knee problems began before August of 2011, her knee pain is constant and sever, and the MRI results show that she may have cancer in her right knee. (Tr. 31, 53–54). Although the ALJ addressed the findings that Dr. Malczak made regarding Plaintiff's back impairments, the ALJ did not discuss any of—or state the weight he accorded to—the doctor's findings regarding Plaintiff's knee impairments.

This error is significant because Dr. Malczak's opinion that Plaintiff could not push, pull, or lift weights greater than five pounds directly contradicts the ALJ's RFC findings that Plaintiff "could push or pull without limitation." (Tr. 30). While the failure to explain the weight accorded to a medical opinion may be harmless error where the opinion does not *directly contradict* the ALJ's findings, this is not the case here. *See Wright v. Barnhart*, 153 F. App'x 678, 684 (11th Cir. 2005). Further, the restrictions that Dr. Malczak described appear to preclude Plaintiff from performing her past relevant work as a telephone solicitor because the job, although sedentary, involves exerting up to ten pounds of force occasionally in order to "lift, carry, push, pull, or otherwise move objects." DICOT 299.357-014, Telephone Solicitor, 1991 WL 672624. In summary, although the ALJ mentioned Plaintiff's complaints that "she had right knee problems" (Tr. 31), the ALJ failed to address Dr. Malczak's diagnosis of knee internal derangement, the restricted range of motion of Plaintiff's knee, the exertional restrictions on pulling, pushing, and lifting, and the MRI of Plaintiff's knee.

The Government raises several arguments in support of the Commissioner's decision. First the Government argues that, under 42 U.S.C. § 423(d)(1)(A), Plaintiff has failed to meet her burden of showing a disabling limitation that has lasted or is expected to last more than twelve consecutive months. (Gov.'s Br. at pp. 8–9). But according to Plaintiff, her constant knee pain began before August of 2011 (Tr. 53–54) and Dr. Malczak treated Plaintiff in late 2012, which is

a time period spanning more than twelve months. Next, the Government asserts that the ALJ did not err as he found that Plaintiff could perform her past relevant work of a telephone solicitor, which is sedentary work that does not require pushing, pulling, and lifting. (Gov.'s Br. at p. 9). But as noted above, the relevant DOT definition clearly states that telephone solicitors occasionally exert up to ten pounds of force to lift, carry, push, pull or otherwise move objects. DICOT 299.357-014, Telephone Solicitor, 1991 WL 672624.

Finally, the Government asserts that any error is harmless as Plaintiff's own report shows that in performing her past relevant work as a telephone solicitor she never lifted any objects; thus implying that, despite the additional limitations that Dr. Malczak found, Plaintiff can still perform her past relevant work as she *actually* performed it. (Gov.'s Br. at pp. 10–11). In a Work History Report completed by Plaintiff on January 1, 2012 and submitted to the SSA, Plaintiff reported that during her work as a telemarketer she did not lift any items or grasp big objects. (Tr. 204). Notably, also in that report, Plaintiff stated that she never walked, stood, sat, wrote, typed, or handled small objects in performing her telemarketing work: These statements bring into question the report's reliability. In any event, the ALJ's decision lacks any indicia that he actually considered this report.

In summary, it is, of course, possible that the ALJ considered and rejected Dr. Malczak's opinion regarding Plaintiff's right knee, but without stating adequate—or any—grounds for his rejection, I cannot determine on this record whether the ALJ's conclusion is "rational and supported by substantial evidence." *Winschel*, 631 F.3d at 1179. Any further effort to make this determination, in the absence of any effort to do so by the ALJ, would require me to improperly re-weigh the evidence and make factual findings. *See, e.g.*, *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (noting that the reviewing court "may not decide the facts anew, reweigh

- 7 -

the evidence, or substitute [its] judgment for that of the Commissioner") (quoting *Bloodsworth v. Heckler,* 703 F.2d 1233, 1239 (11th Cir.1983) (brackets omitted)).

### IV. Conclusion

For the reasons stated above, the ALJ'S decision is **REVERSED** pursuant to 42 U.S.C. § 405(g) and **REMANDED** for further proceedings consistent with this Order.

**DONE** and **ORDERED** in Ocala, Florida on March 21, 2016.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties