## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

**JENNIFER MAE KEEN,**

      **Plaintiff,**

**v.**                                           **Case No: 5:14-cv-601-Oc-PRL**

**COMMISSIONER OF SOCIAL
SECURITY**

      **Defendant.**

_____

## ORDER

This matter is before the Court on the motion of Plaintiff's counsel, Richard A. Culbertson, for authorization to charge a reasonable fee pursuant to 42 U.S.C. §406(b) in the amount of $2,113.00. (Doc. 23). In support of the motion, Mr. Culbertson has filed a signed fee agreement in which Plaintiff acknowledges a 25% fee award of past due benefits. (Doc. 23-1). Mr. Culbertson represents that the Commissioner has no objection to the requested fees.

I.      **Background**

On March 21, 2016, this Court reversed and remanded the case to the Social Security Administration for further proceedings. (Doc. 21). While the Court awarded attorney's fees under the Equal Access to Justice Act ("EAJA") (Doc. 22), Mr. Culbertson represents that he did not receive any of the award because the United States Treasury applied the entire amount to a debt owed by Plaintiff. (Docs. 23-3). Subsequently, on remand, Plaintiff was awarded past due benefits in the amount of $32,452.00. (Doc. 23-2). Pursuant to the fee agreement, the attorney fee payable

from Plaintiff's past-due benefits is $8,113.00.[1]  However, Mr. Culbertson has further reduced the requested fee to $2,113.00 because the Commissioner already awarded a fee for work done at the administrative level in the amount of $6,000.00.[2]

II.      **Discussion**

An attorney, as here, who successfully represents a Social Security claimant in court may be awarded as part of the judgment "a reasonable fee ... not in excess of 25 percent of the ... past-due benefits" awarded to the claimant. 42 U.S.C. § 406(b)(1)(A). The fee is payable "out of, and not in addition to, the amount of [the] past-due benefits." *Id*. As required by *Gisbrecht v. Barnhardt*, 535 U.S. 789, 808 (2002), courts should approach contingent-fee determinations by first looking to the agreement between the attorney and the client, and then testing that agreement for reasonableness. When called upon to assess the reasonableness of the award, a court should balance the interest in protecting claimants from inordinately large fees against the interest in ensuring that attorneys are adequately compensate so that they continue to represent clients in disability benefits cases. *Gisbrecht*, 535 U.S. at 805. In making this reasonableness determination, the *Gisbrecht* court highlighted several important factors including: (1) whether the requested fee is out of line with the "character of the representation and the results the representation achieved;" (2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fee; and (3) whether "the benefits awarded

---

[1]   This is 25% of the past due benefits—$8,113.00—minus the previously awarded EAJA fees in the amount of $0.

[2]   Section 406(a) governs fees for representation in administrative proceedings and §406(b) governs fees for representation in court. The aggregate of 406(a) and 406(b) fees charged against a claimant's total past-due benefits awarded may not exceed the 25% cap. *See Bryan v. Colvin*, No. 3:08-cv-432-J-34MCR, 2014 WL 6827277, at *3 (M.D. Fla. Dec. 3, 2014).

are large in comparison to the amount of time counsel spent on the case,"the so-called "windfall" factor. *Id*. at 808. In these instances, a downward reduction may be in order.

Here, the Court finds that the requested attorney's fees are reasonable. The requested fee will not result in a windfall for counsel—i.e., that counsel is receiving compensation he is not entitled to and that payment of the compensation would be unfair or detrimental to Plaintiff. In this regard, Mr. Culbertson has submitted a signed fee agreement in which Plaintiff acknowledged that counsel would receive 25% of all past due benefits awarded on appeal. (Doc. 23-1.) Moreover, Mr. Culbertson represents that he, his associate, and his paralegal spent at least 31.8 hours on this case before it was remanded. (Doc. 23 at 2-3, Doc. 21 at 2). The full award of 25% of the withheld past due benefits—$8,113.00—would translate to an hourly award of $255.13. The Court is satisfied that this fee award is reasonable in comparison to the amount of time and effort Plaintiff's counsel expended on this case and given the risks in contingent litigation. *See e.g., Vilkas v. Comm'r of Soc. Sec.*, 2:03-cv-687-FTM-29DNF, 2007 WL 1498115 (M.D. Fla. May 14, 2007)(approving fees translating to an hourly rate of $1,121.86).

Accordingly, for these reasons, and in the absence of any objection by the Commissioner, Mr. Culbertson's motion for authorization to charge a reasonable fee pursuant to 42 U.S.C. 406(b) (Doc. 23) is due to be **GRANTED**. Section 406(b)(1) fees are approved for Mr. Culbertson in the sum of **$2,113.00** to be paid out of the Plaintiff's past due benefits currently being withheld by the Social Security Administration.

**DONE** and **ORDERED** in Ocala, Florida on August 11, 2017.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties